UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALLIE ROGERS-LEE,

             Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. 14-cv-11415
HONORABLE GEORGE CARAM STEEH

_____/

**OPINION AND ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION (DOC. #15) OVERRULING PLAINTIFF'S
OBJECTIONS (DOC. #16), DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (DOC. #11), GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (DOC. # 13) AND DISMISSING CASE**

Plaintiff appeals from the final decision of the Commissioner of Social Security

denying her application for disability insurance benefits ("DIB") and supplemental security

income ("SSI").  This matter is before the court on the parties' cross-motions for summary

judgment.  The motions were referred to Magistrate Judge Anthony Patti for a report and

recommendation ("R&R").  The magistrate judge recommends that the court deny plaintiff's

motion for summary judgment and grant defendant's motion for summary judgment.  (Doc.

#15).  Plaintiff has filed objections to the magistrate judge's R&R.  (Doc. #16).  For the

reasons that follow, the magistrate judge's R&R will be accepted, plaintiff's objections will

be overruled and his motion for summary judgment will be denied, defendant's motion for

summary judgment will be granted, and this case will be dismissed.

## I. BACKGROUND

Plaintiff does not object to the magistrate judge's recitation of the facts and procedural history in the R&R.  The court adopts and incorporates that portion of the R&R in full without repeating it here.  This opinion addresses plaintiff's objections to the R&R.

## II. LEGAL STANDARDS

### A. Objections to Magistrate Judge's R&R

A party may file timely written objections to a magistrate judge's proposed findings and recommendations.  28 U.S.C. § 636(b)(1).  "A judge of the court shall make a *de novo* determination of those portions of a report or specified proposed findings or recommendations to which objection is made."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Judicial Review Of ALJ's Decision

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record."  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).  A reviewing court may not resolve conflicts in the evidence or decide questions of credibility.  *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It is "more than a scintilla but less than a preponderance."  *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 399 (1938).  "Substantial

evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Sec'y of HHS*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009). The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the entire record as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993), regardless if the ALJ actually cited to the evidence. *Walker v. Sec'y of HHS*, 884 F.2d 241, 245 (6th Cir. 1989). Nonetheless, there is no requirement that the reviewing court discuss all of the evidence in the record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

### III. ANALYSIS

#### A. The Impact of the ALJ Implicitly Discounting Opinion of Treating Physician

Plaintiff's first objection to the R&R argues that the magistrate judge erred in finding harmless error in the ALJ's discounting of the opinion of plaintiff's treating physician without adequate explanation. The court sees no error with the magistrate judge's conclusion.

Plaintiff's treating physician, Dr. Annette G. DeSantis, opined that plaintiff could lift up to ten-to-fifteen pounds. The ALJ stated that she gave Dr. DeSantis's opinions great weight. However, the ALJ determined that plaintiff had the residual functional capacity

-3-

("RFC") to lift up to twenty pounds.  The magistrate judge reasoned that the apparent contradiction between the amount of weight Dr. DeSantis opined plaintiff could lift and the amount of weight the ALJ determined she could lift without an explanation by the ALJ as to why she arrived at a different conclusion than Dr. DeSantis constituted error.  However, the magistrate judge explained that the error was harmless because, at the hearing, the ALJ asked the vocational expert ("VE") a hypothetical question that incorporated Dr. DeSantis's restriction — that plaintiff could only lift up to ten pounds.  In response to the hypothetical, the VE responded that there was work available in the national economy for someone with plaintiff's restrictions who could only lift as little as ten pounds.  Any error committed by the ALJ, therefore, was harmless error.

If an ALJ does not give weight to a treating physician's opinion in the context of a disability determination, the ALJ must "give good reasons" for discounting the physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2) (2004)).  Generally, even if substantial evidence supports the ALJ's decision, the ALJ's failure to give good reasons for discounting a treating physician's opinion constitutes reversible error.  *Id.*  However, "[t]here is . . . the possibility that if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion[.].  *Id.* at 547.

Here, the ALJ's error was harmless error, as the R&R concludes, because the ALJ adopted the opinion of Dr. DeSantis in formulating a hypothetical question to the VE.  The VE was given a hypothetical question that incorporated Dr. DeSantis's opinion that the plaintiff could only lift up to ten pounds.  The VE was asked to assume a person had

-4-

plaintiff's limitations, including that the hypothetical person could only lift up to ten pounds. The VE testified that there were jobs in the national economy available in significant numbers for such person.   Given that the ALJ's hypothetical question to the VE incorporated findings consistent with Dr. DeSantis's opinion (that plaintiff could only lift up to ten pounds), the ALJ's contradictory statement that plaintiff could lift up to twenty pounds is harmless error.  *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) (rendering the ALJ's failure to reference a treating physician's report in findings harmless error where the hypothetical posed to the VE took into consideration the limitations imposed by the treating physician in the report).

### B. Whether Substantial Evidence Supports ALJ's RFC Finding

Next, plaintiff argues that the magistrate judge erred in concluding that the ALJ's decision denying benefits is supported by substantial evidence.  The court disagrees.

Plaintiff contends that the ALJ's RFC finding that she is limited to light work is not supported by substantial evidence.  Plaintiff argues that the ALJ found that she had "degenerative disc disease of the lumbar spine with disc bulge/tear and mild to moderate biforaminal stenosis, worse on right than left, with mild impingement on existing LS nerve root."  In addition, the ALJ determined that plaintiff had "cellulitis of the breast, asthma with very rare flares and left ear hearing loss."  Essentially, plaintiff argues that the ALJ's RFC finding that she could perform light work is not consistent with the ALJ's findings of plaintiff's limitations.  Again, the court disagrees.

The R&R correctly concludes that the ALJ's RFC finding is consistent with the opinions of plaintiff's treating physician, Dr. DeSantis.  Moreover, as the R&R also notes, the ALJ cited objective medical evidence to support her decision that plaintiff is capable of

performing light work.  The VE testified that a person with plaintiff's limitations can perform positions of office assistant and parking lot attendant.  The ALJ's RFC finding is supported by substantial evidence.  "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion."  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).  While the evidence may support plaintiff's position that she is disabled, there is also substantial evidence supporting the ALJ's RFC finding that plaintiff is capable of performing light work.

### C. The ALJ's Credibility Determination

Finally, plaintiff challenges the ALJ's credibility determination as it relates to plaintiff's subjective limitations.  Plaintiff argues that the ALJ placed little weight on plaintiff's testimony that she needs multiple breaks throughout the day, including time to nap, and that her medications cause her to be drowsy.  The magistrate judge rightfully concluded that none of the objective medical evidence supports plaintiff's subjective limitations.

"The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints."  *Buxton*, 246 F.3d at 773 (citing *Gaffney v. Bowen*, 825 F.2d 98, 101 (6th Cir. 1987)).  The Sixth Circuit has explained the proper standard for evaluating a plaintiff's subjective complaints:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Secretary of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

-6-

As the R&R explains, there is no objective medical evidence supporting plaintiff's testimony that she suffers from "extreme drowsiness." Therefore, to the extent that the ALJ discounted plaintiff's credibility, the ALJ did not err because her decision is supported by substantial evidence.

### IV. CONCLUSION

For the reasons explained above, the magistrate judge's R&R is ACCEPTED, plaintiff's objections are OVERRULED and her motion for summary judgment is DENIED, defendant's motion for summary judgment is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED.

Dated:  September 2, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 2, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---